IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL ANGEL COTTO-VÁZQUEZ, and )
MELISSA GUZMÁN-QUIÑONES, )
 )
Plaintiffs, ) Case No. 3:16-cv-02807-SCC-GLS
 )
v. )
 )
UNITED STATES OF AMERICA, )
 )
Defendant. )
_____ )

UNITED STATES' MOTION REQUESTING RELIEF FROM THE
REQUIREMENT THAT A REPRESENTATIVE WITH FULL SETTLEMENT
AUTHORITY ATTEND THE SETTLEMENT CONFERENCE

The Court's Text Order dated April 23, 2021, states that "[a] representative of

each party with full settlement authority must be present at the" settlement conference

currently scheduled for May 13, 2021, at 9:30 a.m.  However, the practicalities of, and

legal limits on, litigation handled by the Department of Justice make it extremely

difficult to have an individual with full settlement authority present at all settlement

conferences in which the Department of Justice participates.

Accordingly, the United States respectfully moves for relief from the requirement

that a representative with full settlement authority be present for the settlement

conference currently scheduled for May 13, 2021, at 9:30 a.m.  The United States

requests that this Court allow it to appear at the settlement conference through its

attorneys of record, Beatriz Saiz and Catriona Coppler, without the presence of a

representative of the Government having full settlement authority, but instead with the

telephonic availability of the Chief of the Tax Division's Office of Review if needed.  The

undersigned trial attorneys have conferred with Plaintiffs' counsel, and they do not

consent to this relief.

**ARGUMENT**

**I.      Federal Law Governing the Department of Justice does Not Provide Trial Attorneys with Full Settlement Authority.**

In cases arising under the Internal Revenue Code and referred to the Department

of Justice for prosecution or defense, settlement authority resides by statute with "the

Attorney General or his delegate."  26 U.S.C. § 7122(a).  The Attorney General has, in

turn, delegated by regulation his settlement authority to the Deputy Attorney General

or, as appropriate, the Associate Attorney General.  28 C.F.R. § 0.161.  The Attorney

General has also delegated limited settlement authority to the Assistant Attorneys

General in charge of the various litigating divisions with respect to cases handled by

those divisions.  28 C.F.R. §§ 0.161, 0.162, 0.164.  As is relevant here, the Acting Assistant

Attorney General of the Tax Division has authority to, among other things, accept offers

in compromise against the United States that have been reviewed by the Joint

Committee on Taxation.

Section 6405 of the Internal Revenue Code mandates that the Secretary of the

Treasury report to the Congressional Joint Committee on Taxation any refunds or

credits in excess of $2,000,000 with respect to specified taxes.  26 U.S.C. § 6405.  Since the

1930s, there has been agreement among the Department of Justice, the Department of

the Treasury, and the Joint Committee on Taxation that the Tax Division will report to

the Joint Committee any refunds or credits resulting from settlement in Justice

Department cases in accordance with § 6405.

In this case, Plaintiffs assert they are entitled to a refund of their 2005 through

2008 income taxes in the aggregate amount of $7,670,828.18.  (Amend. Compl. ¶ 1, ECF

No. 26.)  Because this case involves income taxes, penalties, and paid-in interest over

$2,000,000, a potential settlement could require review by the Joint Committee on

Taxation.  If the case is reviewed by the Joint Committee on Taxation, then full

settlement authority rests with the Acting Assistant Attorney General.  In lieu of the

Acting Assistant Attorney General being available during the settlement conference, the

United States proposes to have available by telephone Ann Reid, the Chief of the Tax

Division's Office of Review.  Ms. Reid has authority to compromise claims of up to

$1,500,000 and can make recommendations concerning any larger compromises of the

United States' claim.  *See* 28 C.F.R. pt. 0, appx. to subpart Y, Tax Division Directive No.

139, § 6.

The Department of Justice's policy of concentrating settlement authority serves

many important public-policy goals.  First, it fosters uniformity of settlements, an

important consideration given the Department's nationwide docket of cases.  It also

promotes fairness of settlements to both litigants and to the government.  By affording a

high-level review of the settlement recommendations by trial attorneys, the process

ensures a thorough analysis of all settlement proposals, including such considerations

as litigation risks, and an opportunity to assess the proposed settlement outside the

context of a heated negotiation.

Indeed, the Fifth Circuit has held that the policies underlying the concentration of settlement authority should not be disregarded by federal district courts. *In re Stone*, 986 F.2d 898 (5th Cir. 1993). *Stone* involved twelve consolidated petitions for mandamus, all arising from one district court which had incorporated into its routine pretrial orders a requirement that settlement conferences be held and that each party either personally attend or send a representative with full settlement authority. *Id.* at 900. The government argued that the district court lacked the authority to dictate to the Executive Branch which officials it should send to represent it at settlement conferences. While the Fifth Circuit stated that the district court did possess an inherent power to manage the settlement process, which might, in unusual circumstances, include the power to order participation by specific officials having settlement authority, it went on to hold that the district court had abused its discretion by ordering that the government send someone with full settlement authority for routine cases. *Id.* at 903-05.

The court also observed that the government is in "a special category" as a litigant. *Id.* at 904. Not only does the government appear as a party in far more federal court cases than any other litigant, but the Executive Branch has special constitutional duties that no private litigant shares. *Id.* Accordingly, the government can legitimately structure its litigation procedures to ensure that decision making on policy issues is centralized, that positions taken are consistent, and that policy decisions are made by officials with political accountability. *Id.* The Fifth Circuit chastised the district court for requiring the government to forgo these interests in routine cases, in which the operation of normal government settlement procedures would cause only an

4

"insignificant interference with the operation of the courts."  *Id.*  Instead, the court held

that a district court should consider "less drastic steps" before ordering the Executive

Branch to override its normal procedures.  *Id.* at 905.

Likewise, the Ninth Circuit issued a writ of mandamus directing the district

court to vacate an order requiring that a government official with full settlement

authority personally attend a routine settlement conference in a tax refund action.

*United States v. United States District Court for the N. Mariana Islands*, 694 F.3d 1051, 1059

(9th Cir. 2012).  The Ninth Circuit closely followed the Fifth Circuit's reasoning in *Stone*,

holding that while the district court had authority to compel attendance at settlement

conferences, it had abused its discretion in requiring a government official with full

settlement authority to personally attend a settlement conference.  *Id.*  The Ninth Circuit

observed:  "the federal government . . . is not like any other litigant . . . . The

Department of Justice in general and its Tax Division in particular are responsible for a

very large number of cases . . . . For [the official with full settlement authority] to

prepare for and appear at all settlement conferences for all of those cases would be

highly impractical, if not physically impossible."  *Id.*  Moreover, the court noted that

centralizing settlement authority serves the several salutary purposes the Fifth Circuit

highlighted, namely, the promotion of uniform decisions on tax controversies, the

effective implementation of policy goals, and the promotion of political accountability.

*Id.* at 1060.

II.     **It Would be Impractical for Government Officials with Full Settlement Authority to Personally Attend all Settlement Conferences.**

It would create an undue hardship on the United States to require high-ranking

Department of Justice officials to routinely attend court-ordered settlement conferences.

The Tax Division is a national litigation unit comprised of over 300 trial attorneys

operating in separate trial sections.  The Division's attorneys work on cases located

throughout the United States, and may be involved in settlement discussions at any

phase of their cases.

The Acting Assistant Attorney General is one of the highest-ranking officials in

the Department of Justice.  He is responsible for the overall management of the Tax

Division and its hundreds of legal and nonlegal personnel, and plays a key role

regarding wide-ranging tax policy issues.  Moreover, the Tax Division currently has

thousands of cases pending, many of which would require the Acting Assistant

Attorney General's approval to settle.  Even if the Acting Assistant Attorney General's

*only* responsibility was reviewing settlements (which clearly is not the case), it is a

physical impossibility for him to participate, even telephonically, in settlement

conferences in each of the cases where his approval is potentially required.  Moreover, it

is of even greater significance that if he were required to participate in such conferences

on a regular basis, his ability to supervise all other aspects of the litigation handled by

the Tax Division would be seriously compromised.  Thus, it would be difficult, if not

impossible, for the Acting Assistant Attorney General to attend settlement conferences

in all of the cases for which he has final settlement authority.

Indeed, Congress recognized the impracticality of personal attendance at settlement conferences by Department of Justice officials with full settlement authority in the Judicial Improvements Act of 1990 and in its amendments to Federal Rule of Civil Procedure 16.  The Judicial Improvements Act authorizes district courts to adopt "civil justice expense and delay reduction plans," which may include a requirement that "representatives of the parties with authority to bind them in settlement discussions" be "present or available by telephone" during any settlement conference.  28 U.S.C. § 473(b)(5).  However, the Act goes on to provide that "[n]othing in [such] plan relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, or any delegation of the Attorney General."  28 U.S.C. § 473(c) (emphasis added).

The Senate Report in this statute's legislative history recognizes the importance of maintaining the established limits of delegation within the Department of Justice: "those district courts that choose to adopt [the settlement authority requirement] should account for the unique situation of the Department of Justice.  The Department does not delegate broad settlement authority to trial counsel but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington."  S. Rep. No. 416, 101st Cong., 2d Sess. 58, reprinted in 1990 U.S. Code Cong. & Adm. News 6802, 6848.  The Senate Report also recognizes the practical consequences of the limited delegation on the Department as a litigant: "[c]learly, the Department cannot realistically send officials with full settlement authority to each settlement conference."  *Id.*

7

Moreover, the committee that wrote the revisions to Federal Rule of Civil

Procedure 16 that took effect on December 1, 1993, reaffirmed that federal trial courts

must account for the government's special status when promulgating orders concerning

pre-trial conferences.  Indeed, Rule 16 now contains the following language: "[i]f

appropriate, the court may require that a party or its representative be present or

reasonably available by other means to consider possible settlement."  Fed. R. Civ. P.

16(c)(1).  The drafting committee notes on the 1993 revision read:

> The sentence refers to participation by a party or its representative.
> Whether this would be the individual party, an officer of a corporate
> party, a representative from an insurance carrier, or someone else
> would depend on the circumstances. Particularly in litigation in
> which governmental agencies or large amounts of money are
> involved, there may be no one with on-the-spot settlement authority,
> and the most that should be expected is access to a person who
> would have a major role in submitting a recommendation to the
> body or board with ultimate decision-making responsibility. The
> selection of the appropriate representative should ordinarily be left
> to the party and its counsel.

Fed. R. Civ. P. 16 advisory committee's note to 1993 amendment.  This makes clear that

the committee and the Supreme Court are fully aware of the federal government's

unique role in litigation and the practical problems that would ensue if the government

were subject to the same settlement-authority requirements as a private party.

Thus, in lieu of having the Acting Assistant Attorney General attend the

settlement conference, the United States proposes that, if necessary, the Chief of the

Office of Review, Ms. Reid, be available by telephone.  Ms. Reid is responsible for

overseeing hundreds of potential settlements where the government's compromise does

not exceed $1,500,000.  Ms. Reid is also responsible for making recommendations in

matters involving any differences of opinion between the various sections of the Tax

Division, or between the Department of Justice and the Internal Revenue Service, and

regarding settlements involving amounts greater than her authority.  While Ms. Reid

may ultimately not have final settlement authority, her telephonic availability will assist

the trial attorneys in engaging in meaningful settlement negotiations.

**III.     Attendance of a Trial Attorneys at Settlement Conferences and Subsequent Recommendations to Appropriate Officials Constitutes an Effective and Swift Procedure to Achieve the Goals of a Settlement Conference.**

As stated above, the United States supports settlement conferences, and the

United States fully understands the goal of encouraging parties to move from their

original positions by having present representatives with full settlement authority.  It is,

however, unlikely that these goals will be served by requiring the participation at a

settlement conference of an official with full settlement authority under the present

circumstances.  On the contrary, the goal of meaningful settlement discussions can best

be achieved by the attorneys who are most familiar with the case and are in the best

position to negotiate on the government's behalf.  Trial attorneys routinely discuss

settlement options with opposing counsel, field written settlement offers distilled from

these talks, and submit written recommendations to their supervisors.  They also

communicate these recommendations to IRS personnel, when necessary.  Given the trial

attorneys' familiarity with their cases, their recommendations with respect to a

settlement are generally given great weight, even though they lack the ultimate

authority to formally accept a settlement offer.

Accordingly, the United States respectfully requests that it be relieved from the requirement that a representative with full settlement authority be present for the settlement conference currently scheduled.  The United States requests that the Court instead allow the undersigned trial attorneys to attend the conference.  The undersigned trial attorneys are most familiar with the case and may negotiate settlement offers which they are willing to recommend to the appropriate Department officials.  The government's lead trial attorney, Beatriz T. Saiz, has been a Tax Division trial attorney for over twenty years and both she and the government's second-chair attorney, Catriona Coppler, collectively have devoted over one thousand hours to this case.  In exercising their authority, Department officials with final settlement authority historically have given substantial weight to the recommendations of the trial attorneys. Before the conference, the undersigned trial attorneys, IRS Chief Counsel, and the Tax Division's Office of Review will discuss a range or outline of settlement offers that are in the United States' interest.  The Office of Review can be reached by telephone, if necessary, during the settlement conference.  The Tax Division has successfully used this method for many years, and it has resulted in a number of settlements.

//

//

//

//

//

//

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court

permit the undersigned trial attorneys to attend the conference without a representative

having full settlement authority.

DATED:   April 29, 2021

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Catriona M. Coppler*
BEATRIZ T. SAIZ
CATRIONA M. COPPLER
Trial Attorneys, Tax Division
USDC-PR Bar # G00302
USDC-PR Bar #G02911
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 307-6585
              (202) 514-5153
Facsimile: (202) 514-6866
Beatriz.T.Saiz@usdoj.gov
Catriona.M.Coppler@usdoj.gov
 Counsel for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| MIGUEL ANGEL COTTO-VÁZQUEZ, and ) | | |
| MELISSA GUZMÁN-QUIÑONES, ) | | |
| ) | | |
| Plaintiffs, ) | Case No. 3:16-cv-02807-SCC-GLS | |
| ) | | |
| v. ) | | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Defendant. ) | | |
| _____ ) | | |

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing *Motion Requesting Relief from the*

*Requirement that a Representative with Full Settlement Authority Attend the Settlement*

*Conference* and proposed Order have on this 29th day of April, 2021, have been filed

with the Clerk using the CM/ECF system which will notify all parties to this action.

> */s/ Catriona M. Coppler*
> CATRIONA M. COPPLER
> Trial Attorney
> United States Department of Justice, Tax Division