IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGUEL ÁNGEL COTTO-VÁZQUEZ AND MELISSA GUZMÁN-QUIÑONES, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CIV. NO.: 16-2807 (SCC) |

**OPINION AND ORDER**

Plaintiffs Miguel Ángel Cotto-Vázquez and Melissa Guzmán-Quiñones have moved the Court to reconsider its Omnibus Opinion and Order at Docket No. 132. *See* Docket No. 135. Specifically, they seek for this Court to backpedal on its decision to strike the totality of the expert report (the "Report") prepared by Mr. Robert J. Misey and request that Sections IV through VI of the Report be admitted. *Id.* The Government has opposed this request. *See* Docket No. 136.

COTTO-VÁZQUEZ v. U.S.A.                                                                                     Page 2

And Plaintiffs filed a timely reply. *See* Docket No. 140-1.

For the reasons set forth below, the Court has not been presented with a reason to disturb its earlier ruling and therefore DENIES Plaintiffs' request at Docket No. 135.

**I. Analysis**

Plaintiffs advance their request for a partial reconsideration of the Court's Omnibus Opinion and Order pursuant to Federal Rule of Civil Procedure 59(e). The First Circuit has recognized "three grounds for a valid Rule 59(e) motion: an 'intervening change' in the controlling law, a clear legal error, or newly-discovered evidence." *Soto-Padró v. Public Bldgs. Auth.*, 675 F.3d 1, 9 (1st Cir. 2012). But motions under this rule are scarcely granted. *See Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005) (noting that "it is very difficult to prevail on a Rule 59(e) motion."). The First Circuit has repeatedly held that Rule 59(e) motions may not be used by a party to rectify procedural failures, to raise new arguments or present new evidence that could have been advanced prior to, in this case, the Court's Omnibus Opinion

| COTTO-VÁZQUEZ v. U.S.A. | Page 3 |
|---|---:|

and Order. *See Quality Cleaning Products R.C., Inc. v. SCA Tissue North America, LLC*, 794 F.3d 200, 208 (1st Cir. 2015); *see also Johnson & Johnson Int'l v. P.R. Hosp. Supply, Inc.*, 322 F.R.D. 439, 441 (D.P.R. 2017) (explaining that "Rule 59(e) does not exist to allow parties a second chance to prevail on the merits . . . [and] is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court.").

In their motion Plaintiffs argue that the Court incurred in a "clear error" when it granted the Government's motion to exclude Mr. Misey's expert report and testimony. *See* Docket No. 135. While they concede that the Court should go ahead and strike the portions of the Report that proffer legal conclusions, they ask for Sections IV through VI to be admitted. *Id.* They reason that those sections and Mr. Misey's expert testimony "provide a clear and actionable analysis of facts and circumstances, as well as a reasonable methodology the Court may use or refer to when allocating the sourcing of compensation paid to [Plaintiff Cotto-Vázquez]." *Id.* at pg. 2. They contend that only the facts of the case are being analyzed

in those sections, without that analysis, the Court would be left without a reasonable methodology to characterize Plaintiffs' income. *Id.* at pg. 3.

The reasonable methodology argument was previously advanced by Plaintiffs in their Opposition at Docket No. 116 and therefore already considered by the Court. The only difference between Plaintiffs' Opposition and the arguments they raise in support of their request for a partial reconsideration is that here, they ask the Court to solely consider Sections IV-VI instead of the totality of the Report. Meaning that, Plaintiffs' request for the Court to consider a limited portion of the Report is being raised by Plaintiffs for the first time by way of their partial motion for reconsideration. But even those sections on their own do not satisfy Federal Rule of Evidence 702.

The Court, however, takes the opportunity to reiterate that it can certainly hear testimony of, *inter alia,* those involved in the disbursement of monies at issue, the promotion and agreements related to the Bouts and those privy to the Bout

COTTO-VÁZQUEZ v. U.S.A.                                                          Page 5

Agreements to make a determination as to whether Plaintiffs' income is to be characterized as United States source income and/or Puerto Rico source income. But here, Mr. Misey's report does not assist the trier of fact.

## II. Conclusion

The Court has not been given a reason to deviate from its prior ruling. Mr. Misey's Report and testimony are excluded under Rule 702. Accordingly, Plaintiffs' motion for a partial reconsideration at Docket No. 135 is **DENIED**.

A Pretrial Conference is set for **March 28, 2022** at 2:30pm by Video Tele-Conference (VTC).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of February 2022.

                         <u>S/ SILVIA CARREÑO-COLL</u>
                     UNITED STATES DISTRICT COURT JUDGE

COTTO-VÁZQUEZ v. U.S.A.                                                                                              Page 6